IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DENNIS GALIK, Individually and on behalf of all )
Others similarly situated, )
                                                    )
                Plaintiff, )      Case No.  25 C 12915
                                                    )
      v. )
                                                      )      Judge Robert W. Gettleman
SBC WASTE SOLUTIONS, INC., )
                                                      )
                Defendant. )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Dennis Galik has sued defendant SBC Waste Solutions, Inc.—a provider of waste collection, recycling, and disposal services to commercial, industrial, and residential customers in Illinois—on behalf of himself and other similarly situated current and former employees of defendant.   According plaintiff, he and the class members worked more than 40 hours per week for defendant, but were not paid "overtime of at least one and one-half their regular rates for all hours worked in excess" of 40 hours per week.   He and the class members, he further alleges, also worked under 40 hours per week "on occasion," but "were not fully compensated at their regular rate of pay for all hours worked."   He thus filed his complaint here—the operative complaint, titled "First Amended Collective/Class Action Complaint"—which alleges three claims: a claim for violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201-19 (Count I); a claim for violations of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1-105 (Count II); and a claim for violations of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1-15 (Count III).

Defendant has moved [21] to dismiss Count III under Fed. R. Civ. P. 12(b)(6), or alternatively, to require plaintiff to provide a more definite statement under Fed. R. Civ. P. 12(e). For the reasons below, the court denies without prejudice defendant's motion.

## BACKGROUND

Plaintiff alleges the following facts in its complaint, which are taken as true in resolving defendant's motion. Alam v. Miller Brewing Co., 709 F.3d 662, 665-66 (7th Cir. 2013). Defendant is a full-service solid waste company that is headquartered and licensed to do business in Illinois. Plaintiff and the putative class members worked for defendant in Illinois on an hourly basis, and "were responsible for maintaining and operating [defendant]'s vehicles, which were used to collect, transport, and dispose of [defendant]'s customers' waste products." During their employment, they typically worked 5 days a week and around 10 to 12 hours a day.

Defendant has a policy under which it automatically deducted 30 minutes for a meal period from their daily time. But plaintiff and the class worked "through their meal periods without pay." So based on the meal-break policy, plaintiff and the class ended up "working straight time hours and overtime hours for which they were . . . not compensated" at required rates.

In Count I, plaintiff alleges that defendant violated §§ 207 and 215(a)(2) of the FLSA by employing individuals for workweeks longer than 40 hours without compensating them "at rates at least one and one-half times the regular rates for which they were employed." Plaintiff therefore seeks "wages for all hours worked in excess of [40] hours per workweek . . . in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs."

In Count II, plaintiff alleges that defendant violated the IMWL by failing to pay plaintiff and the "IMWL Class Members overtime wages at rates not less than 1.5 times their regular rates for all hours worked after [40] in a workweek, including off-the-clock hours worked . . . during their unpaid meal breaks." Plaintiff alleges that they "are entitled damages, including treble damages, monthly statutory damages, and reasonable attorneys' fees" under 820 ILCS 105/12(A).

In Count III, plaintiff alleges that defendant violated the IWPCA. According to plaintiff, "[a]s part of the agreement for employment and in addition to the Collective Bargaining Agreement ['CBA'] between the Parties, [defendant] agreed to pay" plaintiff and the "IWPCA Class Member[s] an hourly rate for all non-overtime hours they worked in a workweek, an[d] another set hourly rate for all overtime hours worked in a workweek." In particular, defendant "agreed that in exchange for his labor," plaintiff "would be paid approximately $32.00 per hour worked up to [40] hours and approximately $48.00 per hour for each hour worked in excess of [40] hours per workweek." Plaintiff and the IWPCA Class Members "accepted [defendant]'s offer." "This agreement included *all* time" that plaintiff and the IWPCA Class Members worked on defendant's behalf, "including time worked during their unpaid meal-breaks." (Emphasis in complaint). But defendant "unilaterally broke the agreement by not compensating" them "for all hours worked at the [agreed] rates." As a result, plaintiff alleges, he and the class are "entitled damages, monthly statutory damages, and reasonable attorneys' fees" under 820 ILCS 115/14(A).

**DISCUSSION**

The court begins (and ends) with defendant's motion for a more definite statement under Rule 12(e).  Under Rule 12(e), "[a] party may move for a more definite statement of a pleading" when the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  "A motion for a more definite statement under Rule 12(e) is intended only to clear up confusion and not to replace traditional discovery."  Direct Commc'ns, Inc. v. Horizon Retail Const., Inc., 387 F. Supp. 2d 828, 831 (N.D. Ill. 2005).

Defendant contends that a more definite statement is needed here to clear up confusion about the "agreement" alleged in Count III.  According defendant, the complaint "makes clear that there are two agreements at issue: the CBA and another unknown agreement."  Indeed, defendant point outs, the complaint states: "As part of the agreement for employment **and in addition** to the [CBA] . . . ."  (Emphasis by defendant).  But, defendant argues, plaintiff gives insufficient details about this unspecified non-CBA agreement: "Plaintiff gives no indication whether the 'agreement' . . . is written or oral"; "[w]hile rates of pay are alleged . . ., [plaintiff] recites no other terms or identifying information"; and "without specifying which one (the CBA or the unknown agreement), [plaintiff] alleges that [defendant] 'unilaterally broke **the agreement**."  (Emphasis by defendant).

In response, plaintiff argues that it "clearly plead[ed] a cause of action under the IWPCA against" defendant.  He contends that "[i]t is through the discovery process—not the pleading process—that [defendant] will obtain all of the requisite details surrounding the agreement between [p]laintiff, the IWPCA Class Members, and [defendant]."  Yet, plaintiff hedges, if the

4

court finds that the complaint's allegations are lacking, the court should grant leave to amend the complaint to cure any deficiencies.

The court finds that a more definite statement is needed here. To survive a Rule 12(e) motion on a claim involving an agreement, "the plaintiff must recite the relevant agreement, the basic contents of that agreement, and the pertinent parties." 555 M Mfg., Inc. v. Calvin Klein, Inc., 13 F. Supp. 2d. 719, 724 (N.D. Ill. 1998). Indeed, a "more definite statement is required in claims involving contracts when the defendants can only guess as to what conduct and contract(s) an allegation refers." Defined Space, Inc. v. Lakeshore E., LLC, 797 F. Supp. 2d 896, 898 (N.D. Ill. 2011) (cleaned up). And so courts have required plaintiffs to provide more definite statements that at least identify the nature of the agreement (oral or written) and the date of the agreement. See 555 M Mfg., 13 F. Supp. 2d. at 724 ("Nowhere in the complaint does [the plaintiff] identify what oral agreements were made, when they were made, what representatives of [the plaintiff] and [the defendant] made the agreements, or what the contents of those oral agreements were."); Van Dyke Ford, Inc. v. Ford Motor Co., 399 F. Supp. 277, 284 (E.D. Wis. 1975) ("The oral or written nature of agreements and the date of such agreements are proper subjects of a motion to make more definite.").

Here, plaintiff has not alleged whether the "agreement" is an oral or written agreement, or when the agreement was entered into. Nor has plaintiff made clear which agreement—the unspecified agreement or the CBA—plaintiff alleges was "broken." "Without such specifics," plaintiff's complaint "fails to meet the minimum requirements of [Rule] 8 and leaves [defendant] guessing as to what conduct and what contract the complaint's bare allegations refer." 555 M Mfg., 13 F. Supp. 2d at 724-25.

5

The court is thus inclined to grant defendant's Rule 12(e) motion for a more definite statement. But because plaintiff has offered to amend the complaint, the court will instead grant plaintiff leave to file an amended complaint solely to provide allegations that recite the relevant agreement, its nature (oral or written), its basic contents, and when it was entered into, and to also clarify which agreement plaintiff alleges that defendant "unilaterally broke." In light of this ruling, the court denies without prejudice plaintiff's motion to dismiss under Rule 12(b)(6) and its Rule 12(e) motion for a more definite statement.

## CONCLUSION

For the above reasons, the court denies without prejudice defendant SBC's motion [21] to dismiss under Rule 12(b)(6), or alternatively, for a more definite statement under Rule 12(e). The court grants plaintiff leave to file a second amended complaint consistent with this order by August 7, 2026. Defendant has until August 28, 2026, to answer or otherwise plead to the second amended complaint. The parties are directed to file a joint status report using this court's form on or before September 4, 2026.

So ordered.

ENTER:

**Robert W. Gettleman**
**United States District Judge**

**DATE: July 14, 2026**

6